UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CUSH WRIGHTEL,

       Plaintiff,

 -against-           9:21-CV-1082 (LEK/DJS)

E. BISHOP,

       Defendant.

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Cush Wrightel filed this action on October 4, 2021, pursuant to 42 U.S.C. § 1983, alleging that Defendant E. Bishop violated Plaintiff's constitutional right to due process while he was incarcerated in the custody of the New York State Department of Corrections and Community Supervision. See generally Dkt. No. 22 ("Amended Complaint"). On May 14, 2024, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a Report-Recommendation and Order recommending that the Court grant Defendant's Motion for summary judgment, Dkt. No. 37 ("Motion"). Dkt. No. 41 ("Report and Recommendation"). Plaintiff has filed objections. Dkt. No. 43 ("Objection").

For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

### II. BACKGROUND

The Court assumes familiarity with Judge Stewart's Report and Recommendation, as well as Plaintiff's factual allegations as detailed therein. See R. & R. at 2–3.

### III. LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. See L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406 (emphasis in original).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato, 662 F. Supp. 2d at 340 (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

### IV.  DISCUSSION

Plaintiff makes several objections to Judge Stewart's Report and Recommendation. None of those objections are "specific and clearly aimed at particular findings in the magistrate's proposal." DiPilato, 662 F. Supp. 2d at 340.

First, Plaintiff argues that he was denied his due process rights when Defendant "manufactured a conspiracy charge during the [Tier III disciplinary] hearing" and "denied integral video evidence" from being entered into the record. Obj. at 1. However, this argument is not clearly aimed at any portion of Judge Stewart's recommendation, but instead restates issues already addressed by the Report and Recommendation. See R. & R. at 14 (discussing Plaintiff's claims regarding "Defendant's alleged improper 'bootstrapping' of a conspiracy claim into Plaintiff's disciplinary hearing").

Second, Plaintiff argues that Defendant failed to consider evidence of security footage that would have "favored [P]laintiff's innocence." Obj. at 2. Yet this objection does not reference the Report and Recommendation, nor does it seem to object to any portion of Judge Stewart's reasoning. Instead, this objection "simply reiterates the original argument," Forde, 341 F. Supp.

3

3d at 336, that Plaintiff made in his response to Defendant's Motion. In that response, Plaintiff specifically alleged that Defendant denied the inclusion of video footage. See Dkt. No. 40 at 6–7. Additionally, the Court notes that the Report and Recommendation provides ample reasoning to reject this argument. Judge Stewart correctly observed that "[t]he record reflects that several documents Plaintiff claims to have sought from his assistant were not relevant to the particular misbehavior charges he faced." R. & R. at 10. Included in that group of several documents was the "video . . . related to the discovery of the weapons in the facility yard," which Judge Stewart correctly determined was "not relevant to Plaintiff because he was not actually charged with bringing the weapons to the yard." R. & R. at 10.

Third, Plaintiff states that he was neither given any reason as to why the video was not provided, nor given a reason why he was not given access to counsel. See Obj. at 3. This argument also fails to identify any errors in Judge Stewart's reasoning and does not object to a specific portion of the Report and Recommendation. Furthermore, the Report and Recommendation addresses this argument. Judge Stewart found that Plaintiff stated at the disciplinary hearing that Plaintiff had met with his assistant. See R. & R. at 9–10. Judge Stewart also determined that Defendant had endeavored to provide Plaintiff with relevant documents Plaintiff requested at the disciplinary hearing. See id.

Finally, Plaintiff claims that Defendant knew that the above evidence existed and nevertheless persisted to "prosecute [Plaintiff] under pretense[s] that [Defendant] knew [were] false." Obj. at 3. This argument fails to identify any specific objection to the Report and Recommendation and does not challenge any portion of Judge Stewart's reasoning.

As Plaintiff has not provided any specific objections to the Report and Recommendation, the Court reviews Judge Stewart's recommendation for clear error. See DiPilato, 662 F. Supp. 2d

4

at 340. Having found none, the Court adopts the Report and Recommendation in its entirety. The Court therefore grants Defendant's Motion and dismisses this action.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 41, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's Motion, Dkt. No. 37, is **GRANTED**; and it is further

**ORDERED**, that this action is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 27, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge